UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD R. SELF,

                        Plaintiff,

v.                                                    9:10-CV-1463
                                                           (GTS/TWD)

THOMAS LaVALLEY, Superintendent;
KAREN LAPOLT, Dep. Superintendent of Programs;
STEPHEN ROWE, Captain of Corrections;
RORY BIRRELL, Sgt. of Corrections;
ANDY FRAZIER, Sgt. of Corrections;
RON ATKINSON, Senior Spv. Counselor;
S. HAHN, Officer of Corrections,

                        Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

DONALD R. SELF, 95-B-2539
  Plaintiff, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. ERIC T. SCHNEIDERMAN                     KRISTA A. ROCK, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Donald R.

Self ("Plaintiff") against the seven above-named employees of the New York State Department

of Corrections and Community Supervision ("Defendants"), are Defendants' motion to dismiss

Plaintiff's Complaint for failure to state a claim, and United States Magistrate Therese Wiley

Dancks' Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. Nos. 20, 34.)  For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion is granted in part and denied in part.

I.      RELEVANT BACKGROUND

   A.      Plaintiff's Complaint

On December 6, 2010, Plaintiff filed his Complaint in this action.  (Dkt. No. 1.) Generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that, between approximately May 2009 and March 2010, at Green Meadow Correctional Facility, Defendants violated Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments by (1) wrongfully denying him various job placements and jobs and program assignments in prison (based on his commitment offense), (2) retaliating against him when he filed grievances regarding those denials (through verbally harassing him, issuing him false misbehavior reports, and/or planting a weapon in his cell during a wrongful cell search), (3) wrongfully confining him in "keeplock status," and (4) failing to properly train and supervise subordinate officers committing the above-described violations and/or failing to remedy the alleged violations after learning of them.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)

As relief for these alleged violations, Plaintiff seeks monetary damages, as well as injunctive relief directing his current facility not to transfer him, and "forbidding" any payment of monies he may recover as a result of this action to the family of his murder victim pursuant to New York Executive Law § 632-a (also known as the "Son of Sam Law"), on the ground that the application of Section 632-a violates the Supremacy Clause of the United States Constitution. (*Id.*)

Familiarity with the particular nature of Plaintiff's claims, the factual allegations supporting them, and the relief requested regarding them, is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.)

### B.   Defendants' Motion to Dismiss

On July 19, 2011, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 20.) Generally, in support of their motion, Defendants assert the following ten arguments: (1) any claims for money damages asserted by Plaintiff against Defendants in their official capacities should be dismissed as barred by the Eleventh Amendment; (2) Plaintiff's claims regarding his programming and classification, and his claims regarding his transfer or parole release, should be dismissed as not actionable under 42 U.S.C. § 1983; (3) Plaintiff's claim of verbal harassment is should be dismissed as not actionable under 42 U.S.C. § 1983; (4) Plaintiff's claim regarding the issuance of a false misbehavior report should be dismissed as not actionable under 42 U.S.C. § 1983; (5) Plaintiff's claims regarding the search of his cell should be dismissed, because searches of cells implicate no protected constitutional right, even if they are arbitrary or retaliatory in nature; (6) Plaintiff's claims against Defendants LaPolt, LaValley, and Rowe should be dismissed, because he has failed to allege facts plausibly suggesting their personal involvement in the constitutional violations alleged; (7) Plaintiff's retaliation claim against Defendants LaPolt, LaValley, and Rowe should be dismissed, because there is no constitutional right to the grievance process; (8) Plaintiff's First Amendment access-to-courts claim, Fifth Amendment due process claim, Fourteenth Amendment procedural due process claim, and First Amendment retaliation claims should be dismissed, because they are conclusory; (9) Plaintiff's "Son of Sam Law" claim should be dismissed, because (a) Plaintiff can point to no

authority supporting his argument that Section 632-a directly conflicts with 42 U.S.C. § 1983, and (b) in any event, that claim is not yet ripe for judicial review; and (10) based on the factual allegations of Plaintiff's Complaint, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (*See generally* Dkt. No. 20, Attach. 1, Parts I-X [Defs.' Memo. of Law].)[1]

### C. Magistrate Judge Dancks' Report-Recommendation

On February 10, 2012, Magistrate Judge Dancks issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part. (Dkt. No. 34.) More specifically, Magistrate Judge Dancks recommended that the Court dismiss the following eight claims *without* leave to amend: (1) the claims against Defendants in their official capacities; (2) the claims that Defendants violated Plaintiff's rights by denying him a job or program and negatively impacting his chance at parole; (3) the claim that Defendant Birrell violated Plaintiff's rights by verbally harassing him; (4) the Fourth Amendment claims regarding cell searches; (5) the claim that Plaintiff was denied the right to file grievances; (6) the access-to-courts claim; (7) the Fifth Amendment claim; and (8) the claim regarding New York's "Son of Sam Law." (*Id*.) In addition, Magistrate Judge Dancks recommended that the Court dismiss the following claims *with* leave to amend: (1) the procedural due process claims against Defendants Hahn and Atkinson; (2) the retaliation claim against Defendant Atkinson; (3) the claims against Defendants LaValley, LaPolt, and Rowe; and (4) the procedural due process claim regarding the keeplock confinement. (*Id*.) Finally, Magistrate Judge Dancks recommended that the Court deny the motion to dismiss as to the retaliation claim against Defendant Hahn. (*Id*.) Familiarity

---

[1] In addition, Defendants filed a cross-motion for an Order pursuant to Fed. R. Civ. P. 26 staying discovery pending the Court's determination of their motion to dismiss. In the event this motion has not already been decided by either United States Magistrate Judge George H. Lowe or Magistrate Judge Dancks, this motion is denied at this point as moot.

with the grounds of Magistrate Judge Dancks' Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[6]

---

increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4]  *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.     Standard Governing a Motion to Dismiss for Failure to State a Claim

Magistrate Judge Dancks correctly recited the legal standard governing a motion to dismiss for failure to state a claim. (Dkt. No. 34, at Part II.A.) As a result, this standard is incorporated herein by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Dancks' thorough Report-Recommendation is correct in all respects. (Dkt. No. 34.) Magistrate Judge Dancks employed the proper standards, accurately construed Plaintiff's claims, and reasonably applied the law to those claims. (*Id*.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein. (*Id*.) The Court would add only the following analysis.

Plaintiff's Objections were originally due on January 14, 2013. (Dkt. No. 34.)[7] An extension of that deadline was granted until February 15, 2013. (Text Order filed Jan. 16, 2013.) A second (and expressly final) extension of that deadline was granted until March 5, 2013. (Text Order filed Feb. 15, 2013.) Plaintiff's Objections were dated (and thus "filed" pursuant to the

---

[7] Under the applicable rules, the time period for the filing of Objections is fourteen (14) calendar days from the date of filing of the Report-Recommendation (unless the fourteenth day is a Saturday, Sunday, or legal holiday, in which case the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday), plus three (3) calendar days if the Report-Recommendation was served on the objecting party by mail. *See* Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(1)(C); Fed. R. Civ. P. 6(d).

"prison mailbox rule")[8] on March 15, 2013. (Dkt. No. 37, at 34-35.) Before filing those Objections, Plaintiff was not granted, nor did he even seek, a third extension of that deadline. (*See generally* Docket Sheet.)

The special solicitude afforded to *pro se* civil rights litigants does not give them license to violate the Federal Rules of Civil Procedure, local rules of practice of the district courts in which their cases are pending, and Scheduling Orders issued by district court judges presiding over their cases in order to manage their dockets.[9] Of course, the deadline for filing an objection to a report-recommendation has several valid purposes, one of which is to increase the overall efficiency of the federal judiciary by permitting referrals of cases to magistrates. *McCarthy v. Manson*, 554 F. Supp. 1275, 1285-86 (D. Conn. 1982) (Cabranes, J.), *aff'd*, 714 F.2d 234 (2d

---

[8] Under the "prison mailbox rule," the date of *filing* is deemed to be the date that the prisoner-plaintiff is presumed to have handed his complaint to a prison guard for *mailing*, which is the date that the complaint was *signed*. *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted].

[9] *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences."); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations].

Cir. 1983). "Requiring a *de novo* determination absent the filing of a timely objection would defeat [that purpose]." *McCarthy*, 554 F. Supp. at 186 (internal quotation marks omitted). The Court notes that a contrary rule would undermine compliance with such deadlines, unnecessarily prolonging already old cases. Finally, the Court notes that a draft of this Decision and Order was prepared before the Court's receipt of Plaintiff's belated Objections on March 20, 2013, necessitating a revision to that draft.

Because Plaintiff did not submit timely Objections to the Report-Recommendation (despite having been afforded 68 days in which to do so), the Court reviews the Report-Recommendation only for clear error. *See, supra,* Part II.A. of this Decision and Order. The Report-Recommendation is free of any such clear error.

Moreover, in any event, based on a cursory review of Plaintiff's Objections, the Court is confident that Magistrate Judge Dancks' thorough and correct Report-Recommendation would survive a *de novo* review. In his Objections, Plaintiff relies on the "appears beyond doubt" pleading standard set forth in *Conley v. Gibson*, 355 U.S.C. 41 (1957), which was "retired" by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). In addition, Plaintiff is mistaken to the extent he argues that the Court has not accounted for the special status he enjoys as a *pro se* civil rights litigant: the Court's reading of Plaintiff's factual allegations has been afforded every measure of special liberality that it may extend, without flagrantly disregarding Fed. R. Civ. P. 8, 10 and 12.[10] Finally, Plaintiff's arguments appear largely redundant of

---

[10] This special leniency does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards prescribed by Fed. R. Civ. P. 8, 10 and 12. *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (explaining that the extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8]). Rather, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* prisoners must satisfy. *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules

9

arguments he made before Magistrate Judge Dancks (entitling those arguments to only a clear error review). *See, infra,* Part II.A. of this Decision and Order.  The Court says "appear" because, again, the Court need not, and will not, perform a more-detailed analysis of those Objections, due to their gross untimeliness.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 34) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 34) is **DENIED** with respect to Plaintiff's First Amendment retaliation claim against Defendant Hahn; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 34) is **GRANTED** with respect to the following claims, which are **DISMISSED** *without* prior leave to amend:

    (a)    the claims asserted against Defendants in their official capacities;

    (b)    the claims that Defendants violated Plaintiff's rights by denying him a job or program and negatively impacting his chance at parole;

    (c)    the claim that Defendant Birrell violated Plaintiff's rights by verbally harassing him;

---

in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (explaining that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

    (d)    the Fourth Amendment claims regarding cell searches;

    (e)    the claim that Plaintiff was denied the right to file grievances;

    (f)    the access-to-courts claim;

    (g)    the Fifth Amendment claim;

    (h)    the claim regarding New York State "Son of Sam Law"; and it is further

**ORDERED** that Defendant's motion is **GRANTED** with respect to the following claims, which shall be **DISMISSED** without further Order of this Court, **UNLESS** Plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects identified in these claims, within thirty (30) days of the date of this Decision and Order:

    (a)    the procedural due process claim against Defendants Hahn and Atkinson;

    (b)    the retaliation claim against Defendant Atkinson;

    (c)    the claims asserted against Defendants LaValley, LaPort, and Rowe; and

    (d)    the procedural due process claim regarding the keeplock confinement.[11]

Dated: March 27, 2013
       Syracuse, New York

_Hon. Glenn T. Suddaby_
U.S. District Judge

---

[11] Plaintiff is reminded that such an Amended Complaint should omit the causes of action that the Court dismisses without leave to amend, cure the deficiencies identified in the causes of action dismissed with leave to amend, and replead the sole causes of action that survive the motion to dismiss (i.e., Plaintiff's First Amendment retaliation claim against Defendant Hahn). In addition, Plaintiff is reminded that an Amended Complaint must be a complete pleading, which will supersede the original Complaint in all respects, and may not incorporate by reference any portion of the original Complaint. N.D.N.Y. L.R. 7.1(a)(4).