UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD R. SELF,

                              Plaintiff,
                                                  9:10-CV-1463
v.                                                    (GTS/TWD)

THOMAS LAVALLEY, et al.,

                              Defendants.
_____

APPEARANCES:                                                     OF COUNSEL:

DONALD R. SELF, 95-B-2539
Plaintiff pro se
Otisville Correctional Facility
Box 8
Otisville, NY 10963

HON. ERIC T. SCHNEIDERMAN                      TIFFINAY M. RUTNIK, ESQ.
Office of the Attorney General                               Assistant Attorney General
State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

On April 18, 2014, Defendants filed a motion for summary judgment in this action. (Dkt. No. 64.) Plaintiff requested an extension of time to June 30, 2014, to respond to the motion due to his pro se status. (Dkt. No. 66.) The Court granted the request. (Dkt. No. 67.) On June 30, 2014, Plaintiff requested an additional sixty-day extension of his time to respond due to his pro se status. (Dkt. No. 75.) On July 2, 2014, the Court granted Plaintiff an extension to August 15, 2014. (Dkt. No. 76.) On September 4, 2014, Plaintiff requested an additional twenty-day

extension, noting that he was scheduled for release on September 23, 2014. (Dkt. No. 77.) The Court granted Plaintiff an extension of time to September 22, 2014. (Dkt. No. 78.) The Court's order reminded Plaintiff "of his obligation to advise the Clerk of Court and opposing counsel of any change in his address." *Id.* On September 15, 2014, Plaintiff clarified that he needed an extension of twenty days from September 15 (which he believed was the due date set by the Court's July 2, 2014, order) rather than an extension of twenty days from the date of his previous letter. (Dkt. No. 79.) The Court granted Plaintiff an extension of time to October 23, 2014. (Dkt. No. 80.) Plaintiff did not file any opposition to the motion for summary judgment or advise the Court of his new mailing address.

The New York Department of Corrections and Community Supervision's inmate lookup indicates that Plaintiff was released on September 23, 2014. *Inmate Information*, N.Y. DEP'T OF CORR. & CMTY. SUPERVISION, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Dec. 31, 2014). Plaintiff has not communicated with the Court since his last request for an extension. Plaintiff has not advised the Court of his new mailing address. Accordingly, Plaintiff has violated Rule 10.1(c) of the Local Rules of Practice for this Court, which provides that "**All . . . *pro se* litigants must immediately notify the Court of any change of address**." N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original). The Court's local rules further warn litigants that "[f]ailure to notify the Court of a change of address . . . may result in the dismissal of any pending action." L.R. 41.2(b).

On November 24, 2014, the undersigned issued an Order to Show Cause directing Plaintiff to provide the Court with his current address within thirty days. (Dkt. No. 81.) The Order to Show Cause advised Plaintiff that the undersigned would recommend dismissing his

action if he did not comply with the order. *Id.* at 3-4. Plaintiff did not respond to the Order to Show Cause.

Rule 41 of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The term "these rules" in Rule 41(b) is construed to mean not only the Federal Rules of Civil Procedure but the local rules of practice for a district court.[1] Even in the absence of a motion, federal district courts have the inherent power to dismiss a case sua sponte pursuant to Rule 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962). The appropriateness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

Here, Plaintiff has failed to comply with the Court's local rules for three months. By its Order to Show Cause, the Court placed Plaintiff on notice that his failure to comply with the

---

[1] *See, e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.) (dismissing complaint pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia*, the district court's Local Rule 10.1(b)(2)); *In re Interbank Funding Corp.*, 310 B.R. 238, 254 (Bankr. S.D.N.Y. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia*, the district court's local rules); *see also Abdullah v. Acands, Inc.*, 30 F.3d 264, 269-70 (1st Cir. 1994) (affirming district court dismissal pursuant to Fed. R. Civ. P. 41(b) for failing to comply with, *inter alia*, the district court's local rule governing joinder); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.").

Court's local rule regarding changes of address could result in the dismissal of this action. Because Plaintiff has abandoned his case, the Court's interest in managing its docket outweighs Plaintiff's interest in receiving a fair chance to be heard.  The undersigned has considered less drastic sanctions and finds that none are appropriate because Plaintiff has abandoned his case. Therefore, it is recommended that the Court dismiss this action.

    **ACCORDINGLY**, it is

    **RECOMMENDED** that the Court dismiss this action; and it is further

    **RECOMMENDED** that the Court deny Defendants motion for summary judgment (Dkt. No. 64) as moot.


Dated:  December 31, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge